JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MICHAEL HILL

**DEFENDANTS**
SEPTA, and SEPTA POLICE OFFICER THOMAS LEE, BADGE #294

**(b)** County of Residence of First Listed Plaintiff     PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Leonard K. Hill, Esq., 123 South Broad St., Suite 1100, Phila. PA 19109
215-567-7600

Attorneys *(If Known)*
Jeffrey M. Scott, Esq., Archer & Greiner, One Liberty Place, 32nd Fl.,
1650 Market St., Phila PA 19103  215-963-3300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983
Brief description of cause:
Violation of Civil RIghts

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
03/12/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

MICHAEL HILL                                    :                    CIVIL ACTION
                                                :
                         v.                     :
SEPTA, and SEPTA POLICE OFFICER                 :
THOMAS LEE, BADGE #294                          :                    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )


March 12, 2014                                                         Defendants
_____        _____        _____
**Date**                  **Attorney-at-law**              **Attorney for**

215-963-3300              215-963-9999                     jscott@archerlaw.com
_____        _____        _____
**Telephone**             **FAX Number**                   **E-Mail Address**


(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Michael Hill, 114 E. 64th St., Phila PA 19120

Address of Defendant: SEPTA and SEPTA Police Officer, Thomas Lee, 1234 Market St., Phila PA 19107

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;  This is a civil rights matter.  Not subject to arbitration.

☐ Relief other than monetary damages is sought.

DATE: 3/12/14     _____     _____
                  Attorney-at-Law               Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/12/2014     _____     60184
                     Attorney-at-Law               Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL HILL** | : | |
| 114 E. 64th Street | : | CIVIL ACTION |
| Philadelphia PA 19120 | : | |
| | : | |
| Plaintiff, | : | No. 14-_____ |
| | : | |
| vs. | : | |
| | : | |
| **SEPTA** | : | **NOTICE OF REMOVAL** |
| 1234 Market Street | : | |
| Philadelphia, PA 19107 | : | |
| | : | **JURY TRIAL DEMANDED** |
| **and** | : | |
| | : | |
| **SEPTA POLICE OFFICER** | : | **(Philadelphia Court of Common** |
| **THOMAS LEE, BADGE #294** | : | **Pleas, Docket No. 130903236)** |
| 1234 Market Street | : | |
| Philadelphia, PA 19107'  | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

1.      Plaintiff, Michael Hill, initiated this civil action by filing a Civil Complaint on September 26, 2013, in the Court of Common Pleas Philadelphia County, Philadelphia, PA entitled, *Michael Hill v. SEPTA, et al.*, September Term 2013, No. 03236 (the "County Civil Action"). A copy of the Civil Complaint is attached hereto as Exhibit "A."

2.      The Defendants were served with the Complaint on or about, January 29, 2014.

3.      Defendants SEPTA, and SEPTA Police Officer Thomas Lee, Badge #294 ("Defendants") filed Preliminary Objections to Plaintiff's initial Complaint on February 10, 2014. A copy of the Preliminary Objections and Brief in support thereof is attached hereto as Exhibit "B."

4.      On March 4, 2014, Plaintiff filed his First Amended Complaint ("Amended Complaint") alleging federal claims under 42 U.S.C. Section 1983.  A copy of the Amended Complaint is attached hereto as Exhibit "C."

5.      This Notice of Removal is being timely filed pursuant to 28 U.S.C. Section 1446 (b).

6.      Plaintiff brings this cause of action pursuant to 42 U.S.C. Section 1983.

7.    Plaintiff alleges that the Defendants violated his rights under the Fourth Amendment to the United States Constitution in the following ways:

a.    Plaintiff alleges that the individual defendant caused him to suffer bodily harm in violation of his rights to be free of unlawful seizure and to be free of unreasonable or excessive force. *(Amended Complaint at ¶ 24); and*

b.    Plaintiff alleges that he was subjected to false arrest and false imprisonment. (Amended Complaint at ¶ 26.)

8.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1331 because Plaintiff's allegations arise under federal law.

9.    Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants hereby file this Notice of Removal.

10.    All Defendants agree to the removal of this action from the Pennsylvania Court of Common Pleas, Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

WHEREFORE, Defendant respectfully requests this civil action be removed from the Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Date: March 12, 2012

ARCHER & GREINER
A Professional Corporation
One South Broad Street, Suite 1600
Philadelphia, PA 19107

JEFFREY M. SCOTT, ESQUIRE
Identification No. 60184
Attorney for Defendants SEPTA,
SEPTA Police Officer
Thomas Lee #294

Exhibit "A"
(COMPLAINT)

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2013**

E-Filing Number: 1309043954

**003236**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MICHAEL HILL | SEPTA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 114 E. 64TH STREET<br>PHILADELPHIA PA 19120 | 1234 MARKET STREET 5TH FLOOR<br>PHILADELPHIA PA 19107 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | P/O THOMAS LEE BADGE # 294 |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1234 MARKET STREET 5TH FLOOR<br>PHILADELPHIA PA 19107 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2B - ASSAULT, BATTERY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>SEP **26** 2013<br>**J. MURPHY** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>MICHAEL HILL</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| LEONARD K. HILL | 123 SOUTH BROAD STREET<br>SUITE 1100<br>PHILADELPHIA PA 19109 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)567-7600 | (215)545-1456 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 81849 | ceo@lkhlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *LEONARD HILL* | Thursday, September 26, 2013, 02:13 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

THIS IS A MAJOR JURY MATTER.

**HILL & ASSOCIATES, P.C.**
**BY:  LEONARD K. HILL, ESQUIRE**
**Identification No.  81849**
**123 S. Broad Street, Suite 1100**
**Philadelphia, PA 19109**
**(215) 567-7600**

Filed and Attested by
PROTHONOTARY
26 SEP 2013 02:13 pm
J. MURPHY

**Attorney for Plaintiff**

| | |
|---|---|
| **Michael Hill** | : **COURT OF COMMON PLEAS** |
| | : **PHILADELPHIA COUNTY** |
| Plaintiff | : **CIVIL TRIAL DIVISION** |
| | : |
| vs. | : |
| | : |
| **P/O Thomas Lee Badge# 294 & Septa** | : **SEPTEMBER TERM, 2013** |
| | : **NO.** |
| | : |
| | : |
| Defendants | : |

## CIVIL ACTION-COMPLAINT- ASSAULT AND BATTERY

<table>
<tr><th>NOTICE</th><th>AVISO</th></tr>
<tr><td>

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CONNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**Philadelphia Bar Association**
**Lawyer Referral and Information**
**One Reading Center**
**Philadelphia, PA  19107**
**(215) 238-1701**

</td><td>

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SINO TIENE EL DINERO SUFICIN\ENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**Asociacion De Licenciado De Filadelfia**
**One reading Center**
**Filadelfia, PA  19107**
**Telefono:  (215) 238-1701**

</td></tr>
</table>

Case ID: 130903236

HILL & ASSOCIATES, P.C.
BY:  LEONARD K. HILL, ESQUIRE
Identification No.  81849                          **Attorney for Plaintiff**
123 S. Broad Street, Suite 1100
Philadelphia, PA 19109
(215) 567-7600

| | |
|---|---|
| Michael Hill : <br> 114 E. 64th Street : <br> Philadelphia, PA 19120 : <br> : <br>     v. : <br> : <br> P/O Thomas Lee, Badge #294 : <br> 1234 Market Street : <br> 5th Floor : <br> Philadelphia, PA 19107 : <br>    & : <br> Septa : <br> 1234 Market Street : <br> 5th Floor : <br> Philadelphia, PA 19107 : | **COURT OF COMMON PLEAS** <br> **PHILADELPHIA COUNTY** <br> **CIVIL TRIAL DIVISION** <br><br> **September TERM, 2013** <br><br><br> **No.:** |

## GENERAL AVERMENTS

        1.     Plaintiff, Michael Hill, is an individual citizen and resident of Pennsylvania, residing therein at the above address.

        2.     Defendant, P/O Thomas Lee Badge # 294 ("Lee"), is an individual citizen and resident of Pennsylvania with a normal place of business and employment located in the Commonwealth of Pennsylvania, County of Philadelphia at the address shown in the caption.

        3.     Defendant, Septa, is an entity that does business in the Commonwealth of Pennsylvania, County of Philadelphia with a principal place of business located at the above address.

        4.     At all times herein mentioned Defendant, P/O Lee was acting within the scope of his/her authority as an agent, servant and/or employee of the Septa Police.

Case ID: 130903236

5.      On or about September 3, 2013 at or near the intersection of 1300

Pattison Avenue and Broad Street in the City and County of Philadelphia,

Pennsylvania. Defendant, P/O Lee, without any provocation or cause, intentionally,

willfully and maliciously assaulted and battered the plaintiff with great force, by

intentionally, willfully and maliciously striking Plaintiff in his face while he was

handcuffed and not resisting arrest.

6.      The assault and battery committed by Defendant, P/O/Lee upon the

person of the plaintiff was unprovoked and in no manner whatsoever due to any act or

failure to act on the part of the plaintiff.

**COUNT I**
**ASSAULT & BATTERY**
<u>**Plaintiff, Michael Hill v. Defendants P/O/ Thomas Lee Badge # 294 & Septa**</u>

7.      Plaintiff incorporates paragraphs 1-6 as if they were fully set forth

herein.

8.      Defendant, P/O Lee was improperly trained and/or supervised and was

allowed to act in the manner set forth above.

9.      As a result of the assault and battery upon him by the Defendant,

Plaintiff, Michael Hill sustained such injuries including but not limited to:  his head

and jaw.  Plaintiff also makes claim for such injuries, damages and consequences

resulting from the assault and battery of which he has no present knowledge.

10.     As further result of the assault and battery by the Defendant, P/O Lee,

Plaintiff suffered and underwent great pain and was hindered and prevented from

conducting and transacting his usual affairs and business.

11.　　As a further result of the assault and battery by the Defendant, Plaintiff was forced to expend various sums of money in endeavoring to cure himself of his injuries and may in the future be required to expand further sums of money in endeavoring to cure himself of the injuries.

**WHEREFORE**, Plaintiff, Michael Hill claims compensatory and punitive damages from the Defendants in an amount in excess of Fifty Thousand ($50,000) Dollars.

_Leonard K. Hill_

**LEONARD K. HILL, ESQUIRE**
ATTORNEY FOR PLAINTIFF

Case ID: 130903236

**VERIFICATION**

The undersigned states that he/she is the plaintiff herein and verifies that the statements

made in the foregoing Complaint-Civil Action is true and correct to the best of his/her

knowledge, information and belief; and that this statement is made subject to the

penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.


DATED: 9/26/,2013          Signature X _Michael Hill_

                           Print Name X _Michael Hill_


Case ID: 130903236

Exhibit "B"
(PRELIMINARY OBJECTIONS)

IN THE PHILADELPHIA COUNTY COURT OF COMMON PLEAS
PHILADELPHIA, PENNSYLVANIA

| | |
|---|---|
| Michael Hill<br><br>        **Plaintiff,**<br><br>   **v.**<br><br>**Southeastern Pennsylvania Transportation<br>and SEPTA Police Officer Thomas Lee**<br><br>        **Defendants.** | COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION<br><br>**September Term, 2013**<br><br><br><br>**No. 3236** |

AND NOW, this _____ day of March, 2014, upon consideration of Defendants

SEPTA Police Officer Thomas Lee and Southeastern Pennsylvania Transportation Authority's

Preliminary Objections, and any response thereto, it is hereby **ORDERED and DECREED** that

said Preliminary Objections are **SUSTAINED**.



                                    _____

                                            J.

ARCHER & GREINER
A Professional Corporation
One Liberty Place
32nd Floor
1650 Market Street
Philadelphia, PA 19103
(215) 963-3300
Attorney for Defendants SEPTA Police Officer Thomas Lee
and Southeastern Pennsylvania Transportation Authority
BY:    Jeffrey M. Scott, Esquire (I.D. No. 60184)

| | |
|---|---|
| **Michael Hill**<br><br>        **Plaintiff,**<br><br>  **v.**<br><br>**Southeastern Pennsylvania Transportation<br>and SEPTA Police Officer Thomas Lee**<br><br>        **Defendants.** | **COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION**<br><br>**September Term, 2013**<br><br><br>**No. 3236** |

**DEFENDANTS SEPTA POLICE OFFICER THOMAS LEE AND SOUTHEASTERN
PENNSYLVANIA TRANSPORTATION AUTHORITY'S PRELIMINARY
<u>OBJECTIONS TO PLAINTIFF'S COMPLAINT</u>**

<u>**PROCEDURAL HISTORY**</u>

    1.      Plaintiff initiated this civil action by way of Summons on September 26, 2013.

    2.      On November 15, 2013, Plaintiff filed a Praecipe to Reinstate Complaint.

    3.      On December 23, 2013, Plaintiff filed a second Praecipe to Reinstate Complaint.

    4.      On January 24, 2013, Plaintiff filed a third Praecipe to Reinstate Complaint.

5.      Plaintiff served his complaint upon both Defendants on January 29, 2014.  (A copy of Plaintiff's Complaint is attached hereto as Exhibit A.)

6.      On February 3, 2014, a Case Management Order was issued setting all deadlines.

## FACTS

7.      Plaintiff alleges that Police Officer Lee was acting in the scope of his authority as an agent of SEPTA Police.   (Exhibit A at ¶ 4.)

8.      Plaintiff alleges that on the 3rd day of September, 2013, he was assaulted by Officer Lee near the intersection of Pattison Avenue and Broad Street.  (Exhibit A at ¶ 5.)

9.      Plaintiff claims that he suffered injuries as a result of this alleged assault. (Exhibit A at ¶ 9.)

## CLAIMS

10.      Plaintiff brings a cause of action for assault and battery against all Defendants. (Complaint at ¶¶ 7-11.)

11.      Plaintiffs' Complaint should be dismissed under Rule 1028(a)(4) of the Pennsylvania Rules of Civil Procedure because all Defendants are immune from suit pursuant to Section 8521 of the Judicial Code, 42 Pa.C.S. § 8521 (Sovereign Immunity Act.)

12.      SEPTA is a Commonwealth agency for purposes of the Pennsylvania sovereign immunity statute. *Stackhouse v. Com., Pennsylvania State Police*, 892 A.2d 54, 58-59 (Pa. Commw. Ct. 2006).

Case ID: 130903236
Control No.: 14021314

13.    The Commonwealth Court has also held that allegations of assault by SEPTA employees and of failures by SEPTA to supervise those employees do not fit within any exceptions to its immunity.  *Clark v. Southeastern Pennsylvania Transp. Auth.,* 691 A.2d 988, 992 (Pa.Commw.1997), appeal denied, 550 Pa. 686, 704 A.2d 640 (Pa.1997); *Martz v. Southeastern Pennsylvania Transp. Auth.,* 143 Pa.Cmwlth. 25, 598 A.2d 580 (Pa.Commw.1991); *Borosky v. Commonwealth,* 46 Pa.Cmwlth. 252, 406 A.2d 256 (Pa.Commw.1979).

14.    The Plaintiff's Complaint fails to set forth a cause of action that fits into one of the exceptions to sovereign immunity, therefore all claims against SEPTA should be dismissed with prejudice.

15.    As an employee of SEPTA, Officers Lee is protected under the same standard of sovereign immunity as SEPTA itself when acting within the scope of his employment duties. The plain language of the sovereign immunity statute makes this clear: "the Commonwealth, *and its officials and employees acting within the scope of their duties,* shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. Cons.Stat. Ann. § 2310 (emphasis added); *see also* 42 Pa. Const. Stat. Ann. § 8522; *id.* § 8501.  Thus, a SEPTA employee acting within the scope of his duties can be liable only in situations in which the employee acted negligently.  42 Pa.C.S. A. § 8522(a).

16.    Because the Plaintiff's Complaint fails to set forth a cause of action under any of the exceptions to sovereign immunity, all claims asserted against Officer Lee should be dismissed with prejudice.

Case ID: 130903236

Control No.: 14021314

WHEREFORE, Defendants Police Officer Thomas Lee and the Southeastern

Pennsylvania Transportation Authority request that their preliminary objections be sustained.

Dated:  February 10, 2014

/s/ Jeffrey M. Scott

Jeffrey M. Scott, Esquire (I.D. No. 60184)
Archer & Greiner, P.C.
One Liberty Place
32nd Floor
Philadelphia, PA 19103
Counsel for Defendants Police Officer and
Southeastern Pennsylvania Transportation
Authority

4

Case ID: 130903236
Control No.: 14021314

ARCHER & GREINER
A Professional Corporation
One Liberty Place
32nd Floor
1650 Market Street
Philadelphia, PA 19103
(215) 963-3300
Attorney for Defendants
BY:    Jeffrey M. Scott, Esquire (I.D. No. 60184)

| | |
|---|---|
| **Michael Hill**<br><br>            **Plaintiff,**<br><br>    **v.**<br><br>**Southeastern Pennsylvania Transportation and SEPTA  Police Officer Thomas Lee**<br><br>            **Defendant.** | **COURT OF COMMON PLEAS CIVIL TRIAL DIVISION**<br><br>**September Term, 2013**<br><br><br>**No. 3236** |

**DEFENDANTS SEPTA POLICE OFFICER THOMAS LEE AND SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT**

**I.    MATTER BEFORE THE COURT**

Defendants SEPTA Police Officer Thomas Lee and Southeastern Pennsylvania

Transportation Authority's (SEPTA) Preliminary Objections to Plaintiff's Complaint.

**II.    STATEMENT OF QUESTIONS INVOLVED**

Should Plaintiff's Complaint be dismissed.

**Suggested Answer:  Yes.**   Plaintiff's Complaint should be dismissed under Rules

1028(a)(4) of the Pennsylvania Rules of Civil Procedure because the Defendants are immune

Case ID: 130903236
Control No.: 14021314

from suit pursuant to Section 8521 of the Judicial Code, 42 Pa.C.S. § 8521 (Sovereign

Immunity Act.)

## III.    LEGAL ARGUMENT

### A.    Standard of Review

When reviewing preliminary objections, "[a]ll material facts set forth in the Complaint as

well as all inferences reasonably deducible therefrom are admitted as true. Mahoney v. Furches,

503 Pa. 60, 66 (1983) (quoting Vattimo v. Lower Bucks Hospital, Inc., 502 Pa. 241, 244 (1983));

Kyle v. McNamara & Criste, 506 Pa. 631, 634 (1985); Dintzis v. Hayden, 146 Pa. Commw. 618,

622 (1992); Clevenstein v. Rizzuto, 439 Pa. 397, 266 A.2d 623 (1970).

### B.    All Claims Brought Against SEPTA Should Be Dismissed Pursuant to Rule 1028(a)(4) of the Pennsylvania Rules of Civil Procedure Because Plaintiff's Complaint Fails to Set Forth a Cause of Action Based in Negligence that Fits within One of the Exceptions to Sovereign Immunity.

Sovereign immunity is an affirmative defense which ordinarily should be raised as new

matter, but may be raised in preliminary objections when to delay a ruling thereon would serve

no purpose.   *Faust v. Dep't of Revenue,* 592 A.2d 835, 838 n.3 (Pa. Commw. Ct. 1991).

*Stackhouse v. Com., Pennsylvania State Police,* 892 A.2d 54, 60 (Pa. Commw. Ct. 2006).

*Ziccardi v. School District of Philadelphia,* 595, 498 A.2d 452 (Pa. Commw. 1985)(citing

*Poliskiewicz v. E. Stroudsburg Univ.,* 113 Pa. Cmwlth. 13, 15, 536 A.2d 472, 473 (Pa. Commw.

Ct. 1988)(Preliminary objections are a proper vehicle for raising the defense of sovereign

immunity where, as here, the defense is apparent on the face of the pleading under attack.))

Generally, the Commonwealth and its agencies, officials and employees acting within the

scope of their duties are immune from suits for damages. *See* 1 Pa.C.S. § 2310 (establishing

immunity for officials and employees of the Commonwealth under Article I, Section 11 of the

2

Pennsylvania Constitution).   *See also* Section 8521 of the Judicial Code, 42 Pa.C.S. § 8521.

Damage suits will be barred unless the plaintiff establishes that the cause of action falls under

one of the specifically enumerated legislative exceptions to immunity.   *Dean v. Dep't of Transp.,*

561 Pa. 503, 508, 751 A.2d 1130, 1132 (2000).

The exceptions to sovereign immunity are strictly construed "[b]ecause of the clear intent

to insulate [the] government from exposure to tort liability." *Id.   Stackhouse v. Com.,*

*Pennsylvania State Police*, 892 A.2d 54, 58-59 (Pa. Commw. Ct. 2006).   The Act states:

> **(a) Liability imposed.--**The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

> **(b) Acts which may impose liability.--**The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

> **(1) Vehicle liability.--**The operation of any motor vehicle in the possession or control of a Commonwealth party. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

> **(2)   Medical-professional liability.--**Acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel.

> **(3) Care, custody or control of personal property.--**The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials.

Case ID: 130903236
Control No.: 14021314

**(4) Commonwealth real estate, highways and sidewalks.**--A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

**(5) Potholes and other dangerous conditions.**--A dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition. Property damages shall not be recoverable under this paragraph.

**(6) Care, custody or control of animals.**--The care, custody or control of animals in the possession or control of a Commonwealth party, including but not limited to police dogs and horses and animals incarcerated in Commonwealth agency laboratories. Damages shall not be recoverable under this paragraph on account of any injury caused by wild animals, including but not limited to bears and deer, except as otherwise provided by statute.

**(7) Liquor store sales.**--The sale of liquor at Pennsylvania liquor stores by employees of the Pennsylvania Liquor Control Board created by and operating under the act of April 12, 1951 (P.L. 90, No. 21), known as the "Liquor Code,"[1] if such sale is made to any minor, or to any person visibly intoxicated, or to any insane person, or to any person known as an habitual drunkard, or of known intemperate habit.

**(8) National Guard activities.**--Acts of a member of the Pennsylvania military forces.

**(9) Toxoids and vaccines.**--The administration, manufacture and use of a toxoid or vaccine not manufactured in this Commonwealth under the following conditions:

(i) The toxoid or vaccine is manufactured in, and available only from, an agency of another state.

(ii) The agency of the other state will not make the toxoid or vaccine available to private persons or corporations, but will only permit its sale to another state or state agency.

4

(iii) The agency of the other state will make the toxoid or vaccine available to the Commonwealth only if the Commonwealth agrees to indemnify, defend and save harmless that agency from any and all claims and losses which may arise against it from the administration, manufacture or use of the toxoid or vaccine.

(iv) A determination has been made by the appropriate Commonwealth agency, approved by the Governor and published in the Pennsylvania Bulletin, that the toxoid or vaccine is necessary to safeguard and protect the health of the citizens or animals of this Commonwealth.

(v) The toxoid or vaccine is distributed by a Commonwealth agency to qualified persons for ultimate use.

The Commonwealth shall make the toxoid or vaccine available to a qualified person only if the person agrees to indemnify, defend and save harmless the Commonwealth from any and all claims and losses which may arise against the Commonwealth from the manufacture, distribution, administration or use of the toxoid or vaccine.

42 Pa. C.S.A. § 8522.   The Plaintiff's claim of assault and battery does not fall under any of the nine (9) exceptions to sovereign immunity.   Therefore all claims against SEPTA should be dismissed with prejudice.

   C.    **All Claims Brought Against Defendant SEPTA Police Officer Thomas Lee Should Be Dismissed Pursuant to Rule 1028(a)(4) of the Pennsylvania Rules of Civil Procedure Because Plaintiff's Complaint Fails to Set Forth a Cause of Action Based in Negligence that Fits Within One of the Exceptions to Sovereign Immunity.**

   In the case at bar, Plaintiff alleges that SEPTA Police Officer Lee was acting within his scope of his employment when this incident took place.  (Exhibit A at ¶ 4.)  As a SEPTA employee, SEPTA Police Officer Lee is protected under the same standard of sovereign immunity as SEPTA itself when acting within the scope of his employment duties, as was the case here.

   The plain language of the sovereign immunity statute makes this clear: "the Commonwealth, *and its officials and employees acting within the scope of their duties,* shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. Cons.Stat. Ann. § 2310 (emphasis added); *see also* 42 Pa. Const. Stat. Ann. § 8522; *id.* § 8501. Thus, a SEPTA employee acting within the

Case ID: 130903236
Control No.: 14021314

scope of his duties can be liable only in situations in which the employee acted negligently. 42 Pa. Cons.Stat. Ann. § 8522(a).    As recognized by the Commonwealth Court, assault, battery and false imprisonment are all intentional torts and thus cannot serve to undo the officers' immunity. *See Clark, [v. Southeastern Pennsylvania Transp. Auth.,]* 691 A.2d 988,] at 992 [(Pa.Commw.1997), appeal denied, 550 Pa. 686, 704 A.2d 640 (Pa.1997)]; *Martz, [v. Southeastern Pennsylvania Transp. Auth.,* 143 Pa.Cmwlth. 25], 598 A.2d [580,] 582 [(Pa.Commw.1991)].

*Taylor v. SEPTA,* 2007 WL 1074887 (E.D. Pa. 2007).

Plaintiff's claim against SEPTA Police Officer Lee is assault and battery.  Assault and battery prosecution is an intentional tort.  Because the Plaintiff has failed to set forth a negligence claim that fits under one of the exceptions to sovereign immunity, all claims asserted against SEPTA Police Officer Lee should be dismissed with prejudice.

**IV.    CONCLUSION**

Defendants' Preliminary Objections to Plaintiff's Complaint should be sustained.

Dated:  February 10, 2014

*/s/ Jeffrey M. Scott*

Jeffrey M. Scott, Esquire (I.D. No. 60184)
Archer & Greiner, P.C.
One Liberty Place
32nd Floor
Philadelphia, PA 19103
Counsel for Defendant Southeastern
Pennsylvania Transportation Authority

Case ID: 130903236
Control No.: 14021314

**Certificate of Service**

It is hereby certified that a true and accurate copy of Defendants Southeastern

Preliminary Objections were served upon Plaintiff by first class mail, postage prepaid on

February 11, 2014.


NICHOLAS M, DALESSANDRO JR, Esquire
123 BROAD STREET
SUITE 1100
PHILADELPHIA PA 19109


/s/ Jeffrey M. Scott
_____
Jeffrey M. Scott, Esquire (I.D. No. 60184)
Archer & Greiner, P.C.
One Liberty Place
32nd Floor
Philadelphia, PA 19103
Counsel for Defendants


Case ID: 130903236
Control No.: 14021314

<u>VERIFICATION</u>

      I, Jeffrey M. Scott, verify that the statements contained in the attached pleading are true and correct to the best of my knowledge, information and belief.  I understand that the statements made therein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

                                    */s/ Jeffrey M. Scott*

Dated:  February 10, 2014               _____

                               Jeffrey M. Scott

EXHIBIT A

Case ID: 130903236
Control No.: 14021314

THIS IS A MAJOR JURY MATTER

**HILL & ASSOCIATES, P.C.**
**BY:  LEONARD K. HILL, ESQUIRE**
**Identification No.  81849**
**123 S. Broad Street, Suite 1100**
**Philadelphia, PA 19109**
**(215) 567-7600**

*Filed and Attested by*
*PROTHONOTARY*
*20 FEB 2014 03:13 pm*
*H. HARRIN*

Attorney for Plaintiff

| | | |
|---|---|---|
| **Michael Hill** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| Plaintiff | : | **CIVIL TRIAL DIVISION** |
| | : | |
| vs. | : | |
| | : | |
| **P/O Thomas Lee Badge# 294 & Septa** | : | **SEPTEMBER TERM, 2013** |
| | : | **NO.** |
| | : | |
| | : | |
| Defendants | : | |

## CIVIL ACTION-COMPLAINT- ASSAULT AND BATTERY

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CONNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.** | **LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SINO TIENE EL DINERO SUFICIN\ENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.** |
| **Philadelphia Bar Association<br>Lawyer Referral and Information<br>One Reading Center<br>Philadelphia, PA  19107<br>(215) 238-1701** | **Asociacion  De Licenciado De Filadelfia<br>One reading Center<br>Filadelfia, PA  19107<br>Telefono:  (215) 238-1701** |

**HILL & ASSOCIATES, P.C.**
**BY:  LEONARD K. HILL, ESQUIRE**
**Identification No.  81849**                                    **Attorney for Plaintiff**
**123 S. Broad Street, Suite 1100**
**Philadelphia, PA 19109**
**(215) 567-7600**

| | |
|---|---|
| **Michael Hill** : | **COURT OF COMMON PLEAS** |
| **114 E. 64th Street** : | **PHILADELPHIA COUNTY** |
| **Philadelphia, PA 19120** : | **CIVIL TRIAL DIVISION** |
| : | |
| **v.** : | |
| : | **September TERM, 2013** |
| **P/O Thomas Lee, Badge #294** : | |
| **1234 Market Street** : | |
| **5th Floor** : | |
| **Philadelphia, PA 19107** : | **No.:** |
| **&** : | |
| **Septa** : | |
| **1234 Market Street** : | |
| **5th Floor** : | |
| **Philadelphia, PA 19107** : | |

## GENERAL AVERMENTS

1.      Plaintiff, Michael Hill, is an individual citizen and resident of

Pennsylvania, residing therein at the above address.

2.      Defendant, P/O Thomas Lee Badge # 294 ("Lee"), is an individual

citizen and resident of Pennsylvania with a normal place of business and employment

located in the Commonwealth of Pennsylvania, County of Philadelphia at the address

shown in the caption.

3.   Defendant, Septa, is an entity that does business in the Commonwealth of

Pennsylvania, County of Philadelphia with a principal place of business

located at the above address.

4.   At all times herein mentioned Defendant,P/O Lee was acting within the scope

of his/her authority as an agent, servant and/or employee of the Septa Police.

Case ID: 130903236

Control No.: 14021314

5.     On or about September 3, 2013 at or near the intersection of 1300 Pattison Avenue and Broad Street in the City and County of Philadelphia, Pennsylvania. Defendant, P/O Lee, without any provocation or cause, intentionally, willfully and maliciously assaulted and battered the plaintiff with great force, by intentionally, willfully and maliciously striking Plaintiff in his face while he was handcuffed and not resisting arrest.

6.     The assault and battery committed by Defendant, P/O/Lee upon the person of the plaintiff was unprovoked and in no manner whatsoever due to any act or failure to act on the part of the plaintiff.

## COUNT I
## ASSAULT & BATTERY
### Plaintiff, Michael Hill v. Defendants P/O/ Thomas Lee Badge # 294 & Septa

7.     Plaintiff incorporates paragraphs 1-6 as if they were fully set forth herein.

8.     Defendant, P/O Lee was improperly trained and/or supervised and was allowed to act in the manner set forth above.

9.     As a result of the assault and battery upon him by the Defendant, Plaintiff, Michael Hill sustained such injuries including but not limited to:  his head and jaw.  Plaintiff also makes claim for such injuries, damages and consequences resulting from the assault and battery of which he has no present knowledge.

10.     As further result of the assault and battery by the Defendant, P/O Lee, Plaintiff suffered and underwent great pain and was hindered and prevented from conducting and transacting his usual affairs and business.

Case ID: 130903236
Control No.: 14021314

11.    As a further result of the assault and battery by the Defendant, Plaintiff was forced to expend various sums of money in endeavoring to cure himself of his injuries and may in the future be required to expand further sums of money in endeavoring to cure himself of the injuries.

**WHEREFORE**, Plaintiff, Michael Hill claims compensatory and punitive damages from the Defendants in an amount in excess of Fifty Thousand ($50,000) Dollars.

_Leonard K. Hill_

**LEONARD K. HILL, ESQUIRE**
ATTORNEY FOR PLAINTIFF

Case ID: 130903236
Control No.: 14021314

**VERIFICATION**

The undersigned states that he/she is the plaintiff herein and verifies that the statements

made in the foregoing <u>Complaint-Civil Action</u> is true and correct to the best of his/her

knowledge, information and belief; and that this statement is made subject to the

penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.


DATED: _9 / 26 / ,2013        Signature X _Michael Hill_

                              Print Name X _Michael Hill_

Exhibit "C"
(AMENDED COMPLAINT)

THIS IS A MAJOR JURY MATTER.

**HILL & ASSOCIATES, P.C.**
**BY:  LEONARD K. HILL, ESQUIRE**
**Identification No.  81849**
**123 S. Broad Street, Suite 1100**
**Philadelphia, PA 19109**
**(215) 567-7600**

Filed and Attested by
PROTHONOTARY
04 MAR 2014 05:44 pm
E. MARTIN

**Attorney for Plaintiff**

| Michael Hill | : COURT OF COMMON PLEAS |
|---|---|
| | : PHILADELPHIA COUNTY |
| Plaintiff | : CIVIL TRIAL DIVISION |
| | : |
| vs. | : |
| | : |
| P/O Thomas Lee Badge# 294 & SEPTA | : SEPTEMBER TERM, 2013 |
| | : NO. 3236 |
| | : |
| | : |
| Defendants | : |

## CIVIL ACTION- AMENDED COMPLAINT

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any of his claim or relief requested by the plaintiff.  You may lose money or property or of his rights important to you. | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CONNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHISE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. Si NO TIENE ABOGADO O SINO TIENE EL DINERO SUFICINENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| Philadelphia Bar Association Lawyer Referral and Information One Reading Center Philadelphia, PA 19107 (215) 238-1701 | Asociacion De Licenciado De Filadelfia One reading Center Filadelfia, PA 19107 Telefono: (215) 238-1701 |

Case ID: 130903236

HILL & ASSOCIATES, P.C.
BY:  LEONARD K. HILL, ESQUIRE
Identification No.  81849                          **Attorney for Plaintiff**
123 S. Broad Street, Suite 1100
Philadelphia, PA 19109
(215) 567-7600

| | | |
|---|---|---|
| **Michael Hill** | : | **COURT OF COMMON PLEAS** |
| **114 E. 64th Street** | : | **PHILADELPHIA COUNTY** |
| **Philadelphia, PA 19120** | : | **CIVIL TRIAL DIVISION** |
| | : | |
| **v.** | : | |
| | : | **September TERM, 2013** |
| **P/O Thomas Lee, Badge #294** | : | |
| **1234 Market Street** | : | |
| **5th Floor** | : | |
| **Philadelphia, PA 19107** | : | **No.:** |
| **&** | : | |
| **SEPTA** | : | |
| **1234 Market Street** | : | |
| **5th Floor** | : | |
| **Philadelphia, PA 19107** | : | |

## AMENDED COMPLAINT

### PARTIES

1.    Plaintiff, Michael Hill, is an individual citizen and resident of Pennsylvania, residing therein at the above address.

2.    Defendant, P/O Thomas Lee Badge # 294 ("Lee"), is an individual citizen and resident of Pennsylvania with a normal place of business and employment located in the Commonwealth of Pennsylvania, County of Philadelphia at the address shown in the caption.

3.    Defendant Lee is sued in his individual and official capacities.

4.      Defendant, Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA"), is an entity that does business in the Commonwealth of Pennsylvania, County of Philadelphia with a principal place of business located at the above address.          .

## FACTUAL AVERMENTS

5.      On or about September 3, 2013, at or near the intersection of 1300 Pattison Avenue and Broad Street in the City and County of Philadelphia, Pennsylvania, Plaintiff was lawfully in the above area.

6.      At the aforementioned time and place, Defendant Lee approached Plaintiff, placed Plaintiff into custody, and then issued Plaintiff a citation for Disorderly Conduct.

7.      During the above events, Plaintiff posed no threat, immediate or otherwise, to Defendant Lee, or any other person.

8.      At no time during the events described above, was Plaintiff disorderly, or a threat to the safety of himself or others.

9.      At the aforementioned time and place, Defendant Lee, without any provocation or cause, struck the plaintiff with great force, by intentionally, willfully and maliciously striking Plaintiff in his face while he was handcuffed and not resisting arrest.

10.     The aforementioned acts by Defendant Lee upon the person of the Plaintiff was unprovoked and in no manner whatsoever due to any act or failure to act on the part of the Plaintiff.

11.     Subsequently, Plaintiff sought medical treatment and was advised that he had sustained a mandibular fracture.

12.     Defendant Lee used excessive force against Plaintiff.

13.     Defendant Lee's use of excessive force was unreasonable and unlawful.

Case ID: 130903236

14.    Defendant Lee's conduct constituted willful misconduct, and was specifically intentional, malicious, reckless and without legal justification, and meant to produce the resulting injuries to Plaintiff's person.

15.    Defendant Lee engaged in aforesaid conduct for the purpose of violating Plaintiff's constitutional rights by subjecting him to unreasonable seizure, depriving him of property and liberty without due process of the law, subjecting him to excessive force and causing him to be seriously injured.

16.    As a direct and proximate cause of Defendants' actions and inactions, Plaintiff suffered and continues to suffer fear, horror, loss of liberty, grievous physical injuries, and the loss of the enjoyment of life, all to his great detriment and loss.

17.    As a direct and proximate cause of Defendant Lee's actions, Plaintiff suffered and was made to undergo great physical pain and horrible mental anguish, medical expenses, as well as loss of earning power and earning potential, and a deprivation of the normal activities, pursuits and pleasures of life, all to his great detriment and loss.

18.    At all relevant times, Defendant Lee knew and/or should have known that Plaintiff had sustained serious injuries as a result of his actions.

19.    Plaintiff's serious injuries were a foreseeable and direct result of the willful misconduct, actions and inactions of Defendant Lee.

20.    Defendants violated Plaintiff's clearly established and well settled federal constitutional rights, including but no limited to the right to substantive due process, liberty, personal security, the right to be free from unreasonable searches and seizures, and the right to be free from the use of excessive, unreasonable and unjustified force.

21.    SEPTA and its police department, through its police officers, officials, and

Case ID: 130903236

supervisors, has a policy, practice, and custom of using and permitting unreasonable and excessive force violative of the civil rights of those with whom they come into contact by virtue of their failure to properly discipline, investigate, and remedy problems regarding the use of force, which are known.

## COUNT I – FOURTH AMENDMENT VIOLATION
### PLAINTIFF vs. DEFENDANT LEE

22.    The allegations set forth in the preceding paragraphs are incorporated herein as though fully set forth herein.

23.    Defendant Lee was a police officer with SEPTA and was working as a police officer.

24.    As a direct and proximate result of Defendant Lee's unreasonable conduct, committed under color of state law, Plaintiff suffered grievous bodily harm, in violation of his rights to be free of unlawful seizure and to be free of unreasonable or excessive force under the laws and Constitution of the United States, in particular the Fourth Amendment and, 42 U.S.C. § 1983.

25.    As a direct and proximate result of Defendant Lee's unreasonable conduct, committed under color of state law, Plaintiff was the victim of a constitutionally excessive seizure without due process of the law in violation of the Fourth Amendment.

26.    As a direct and proximate result of Defendant Lee's unreasonable conduct, committed under color of state law, Plaintiff was subjected to false arrest, false imprisonment, in violation of his rights under the Fourth Amendment to the United States Constitution.

27.    Defendant Lee subjected Plaintiff to these deprivations of rights unreasonably; with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

Case ID: 130903236

28.    As a direct and proximate result of the foregoing, Plaintiff suffered damages as set forth above and deprivation of his rights and liberty interest, all to his great detriment and loss.

29.    Plaintiff is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S. C. § 1988.

30.    The conduct of Defendant Lee was outrageous, wanton, willful and reckless.

31.    As a result of the outrageous, wanton, willful, and reckless conduct of Defendant Lee, Plaintiff demands punitive damages against him, individually.

**Wherefore**, Plaintiff, Michael Hill, hereby demands judgment against Defendant Lee for compensatory damages and all of his recoverable costs and fees.  Plaintiff also demands punitive damages against Defendant Lee, in his individual capacity.

### COUNT II – MONELL CLAIM
### PLAINTIFF VS. DEFENDANT SEPTA

32.    The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set for the herein.

33.    The decisions and actions of the officials of the SEPTA as set forth herein represented and constituted the official policy and/or customs of SEPTA.

34.    As reflected in the actions taken against Plaintiff, it was the policy, practice and/or custom of the SEPTA and its police officers to use excessive force.

35.    Prior to the events described herein, the SEPTA developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the City, which caused the violation of Plaintiff's rights; namely, the SEPTA did not adequately require appropriate in-service training or re-training of police officers who were known to have engaged in civil rights violations, the SEPTA did not properly discipline, investigate, or remedy known problems within the department concerning the use of force.

Case ID: 130903236

36. The SEPTA has maintained an inadequate system of review of instances of misconduct, abuse of police powers or violation of citizens' rights by police officer, which system has failed to identify instances of abuse of police powers or violations of citizens' rights by police officers, or to discipline, more closely supervise, or retrain officers who abuse their police powers or violate citizens' rights, including the police officers named as parties herein.

37. The SEPTA was deliberately indifferent to the need for more or different training rules, regulations, investigations and discipline relating to police officers' use of excessive force.

38. The foregoing acts, omissions, systemic deficiencies, practices, customs an deliberate indifferent constitute the policies, practices and customs of the SEPTA have caused police officers of SEPTA, such as Defendant Lee, to violate the constitutional rights of citizens, including Plaintiff.

39. The violations and injuries suffered by Plaintiff were a foreseeable result of the policies, practices, customs and deliberate indifference of the SEPTA.

40. As a direct and proximate result of, or by virtue of an affirmative link or causal nexus thereto, the aforesaid acts, omissions, deliberate indifference, systemic deficiencies, policies, practices and customs of the SEPTA, as more fully described above, the SEPTA violated Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth Amendment thereof and 42 U.S.C. § 1982, in particular his right to be free from unreasonable seizure, false arrest, false imprisonment, malicious prosecution, malicious abuse of process, unreasonable or excessive force, to be secure in their person and property, and to due process of law, all to their great detriment and loss.

41. The SEPTA did not provide adequate training or supervision to its police officers,

and, in particular, failed to train and supervise the officers regarding the policies and procedures for proper procedures for questioning persons and taking persons into custody, and protecting the rights of individuals.

42. SEPTA has , with deliberate indifference, failed to adequately train, supervise and discipline their officers to prevent civil rights violations within the City, and the injuries to Plaintiff were caused by, and were a foreseeable consequence of, such failure.

43. SEPTA has, with deliberate indifference, failed to adequately train and supervise their officers concerning the proper use of force, and the injuries to Plaintiff were caused by, and were a foreseeable consequence of, such failures.

**Wherefore**, Plaintiff hereby demands judgment against Defendant SEPTA for compensatory damages and all of his recoverable costs and fees.

### COUNT III - ASSAULT AND BATTERY
### PLAINTIFF vs. DEFENDANT LEE

44. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

45. Defendant Lee unjustifiably placed Plaintiff in fear of imminent, unpermitted, unprivileged, offensive bodily contact and did, in fact, subject him to such bodily contact.

46. The acts of Defendant Lee, as set forth above, constituted the state torts of assault and battery, all to Plaintiff's great detriment and loss.

45. The force used by Defendant Lee, as set forth above, against Plaintiff constitutes the use of force that is not expected by his employer, Defendant SEPTA.

46. The conduct of Defendant Lee was outrageous, wanton, willful and reckless.

47. As a result of the outrageous, wanton, willful, and reckless conduct of Defendant

Lee, Plaintiff demands punitive damages against him, individually.

48.    As a result of the assault and battery by Defendants, Plaintiff was forced to expend various sums of money in endeavoring to cure himself of his injuries and may be required to expend further sums of money to do the same.

**Wherefore**, Plaintiff hereby demands judgment against Defendant Lee, for compensatory damages and all of his recoverable costs and fees.  Plaintiff also demands punitive damages against him, individually.

**HILL & ASSOCIATES, P.C.**

Leonard K. Hill, Esquire
Nicholas M. D'Alessandro, Jr.
Attorney for Plaintiff
123 S. Broad Street, Suite 1100
Philadelphia, PA 19109
215-567-7600 (phone)
215-567-4310 (fax)
ceo@lkhlaw.com

Case ID: 130903236

## VERIFICATION

The undersigned states that he/she is the plaintiff herein and verifies that the statements made in the foregoing Complaint-Civil Action is true and correct to the best of his/her knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Signature X Michael Hill

Print Name X Michael Hill

Case ID: 130903236

**Certificate of Service**

I, Nicholas M. D'Alessandro, Jr., Esquire, hereby certify that a true and correct copy of the Amended Complaint was served by sending via E-filing to counsel listed below on the below date.

Jeffrey M. Scott, Esquire
Archer & Greiner, P.C.
One Liberty Place
32nd Floor
Philadelphia, PA 19103

HILL & ASSOCIATES, P.C.

BY: _____
        Nicholas M. D'Alessandro, Jr., Esquire
                    Attorney for Plaintiff

Case ID: 130903236

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2014, I served the foregoing Notice of Removal upon the following at the indicated addresses via First Class Mail and the courts ECF System:

Leonard K. Hill, Esquire
Nicholas M. Dalessandrio, Jr., Esquire
123 South Broad Street
Suite 1100
Philadelphia PA 19109
*Attorney for Plaintiff*

Office of the Prothonotary
First Judicial District of Pennsylvania
Room 284 City Hall
Philadelphia, PA 19107

Date: March 12, 2014

ARCHER & GREINER
A Professional Corporation
One South Broad Street, Suite 1600
Philadelphia, PA 19107


JEFFREY M. SCOTT, ESQUIRE
Identification No. 60184
Attorney for Defendants SEPTA,
SEPTA Police Officer
Thomas Lee #294